UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Iracore International, LLC, and Daniel O.
Burkes,

      Plaintiffs,

v.

Illinois Tool Works, Inc.,                        Civil No. 13-115 (JNE/LIB)
                                                ORDER

      Defendant,

v.

Irathane Systems, Inc., Mesaba Realty
Company, Inc., and VBL Inc.,

      Third-Party Defendants.

      This case is before the Court on Illinois Tool Works, Inc.'s motion for default

judgment against VBL Inc.  For the reasons set forth below, the Court denies the motion.

      On June 25, 2014, the Honorable Leo I. Brisbois, United States Magistrate Judge,

noted that Illinois Tool Works had asserted third-party claims against VBL, that more

than 21 days had passed since VBL was served with the third-party summons and

complaint, and that VBL had not made an appearance.  The magistrate judge ordered

Illinois Tool Works to notify VBL of VBL's obligation to file a responsive pleading or to

move for an extension of time to do so.  If VBL failed to file a responsive pleading or to

move for an extension of time, then the magistrate judge ordered Illinois Tool Works to

"file an application of default" or to "advise the Court in writing of any good cause for

not doing so."  If Illinois Tool Works failed to comply within 20 days, then the magistrate judge would recommend that the case against VBL be dismissed for lack of prosecution.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  In this case, Illinois Tool Works moved for default judgment against VBL without obtaining the entry of VBL's default.  Moreover, several claims have yet to be addressed.  *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").  Accordingly, the Court denies Illinois Tool Works' motion for default judgment against VBL and cancels the hearing on September 11, 2014.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Illinois Tool Works' motion for default judgment against VBL [Docket No. 61] is DENIED.

2.    The hearing on September 11, 2014, at 1:00 p.m. is CANCELLED.

Dated: August 28, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge